# In the United States Court of Federal Claims

No. 10-183C
(Filed: January 26, 2011)

```
* * * * * * * * * * * * * * * * * * * * * * * *
BEVERLY A. MARTIN,                     *
                                       *    Motion to Dismiss; Equal Pay Act;
             Plaintiff,                *    29 U.S.C. § 206(d); Discrimination;
                                       *    RCFC 8; RCFC 12(b)(6); Converting
       v.                              *    a Motion to Dismiss into a Motion for
                                       *    Summary Judgment; Sufficiency of
THE UNITED STATES,                     *    Complaint; Leave to Amend Complaint.
                                       *
             Defendant.                *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Joseph V. Kaplan and Amy L. Beckett, Passman & Kaplan, P.C., 1090 Vermont Avenue, N.W., Suite 500, Washington, D.C., 20005-4937, for Plaintiff.

Courtney S. McNamara, U.S. Department of Justice, Civil Division – Commercial Litigation Branch, 1100 L Street, N.W., Washington, D.C., 20530, for Defendant.

---

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE
AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

---

**WILLIAMS**, Judge.

On March 26, 2010, Plaintiff, Beverly Martin, filed the instant action, alleging that the United States Postal Service ("USPS") violated the Equal Pay Act, 29 U.S.C. § 206(d). This matter comes before the Court on Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted and Plaintiff's motion for leave to file an amended complaint. Because Plaintiff has alleged facts that may give rise to a plausible claim of wage discrimination on the basis of gender in violation of the Equal Pay Act, Defendant's motion to dismiss is denied without prejudice. However, because Plaintiff has not clearly alleged the timeframe during which she was paid lower wages for equal work due to her gender, Plaintiff's motion for leave to file an amended complaint is granted.

## Background[1]

Plaintiff is a Native American woman who has worked for the USPS since 1981. From 2004 through March 28, 2008, she served as Program Manager for the National Performance Assessment ("NPA") program in the Field Operations Requirements and Planning ("FORP") division -- a position ranked as "EAS 25." From November of 2004 to July of 2005, Plaintiff served as Acting Manager, FORP, and earned the same compensation as an EAS-25 ranked employee. In that role, she oversaw six to 14 different FORP programs, including the NPA program. While working at the USPS, Plaintiff earned an annual salary of $80,902 in 2004, $89,194 in 2005, $98,336 in 2006, $103,207 in 2007, and $105,088 in 2008. Plaintiff's last day as Program Manager was March 28, 2008, but she fails to allege what her job title or duties were after that date.

Naoma Bourdon held the position of Manager, FORP, from July of 2005 to February 29, 2008, and during that period, oversaw six to 14 different FORP programs, including the NPA program. On March 1, 2008, Thomas Henry was named Acting Manager, FORP. On July 5, 2008, he was named Manager, FORP, and he assumed that position, which he continues to hold, on July 25, 2008. Plaintiff had applied for the position of FORP Manager but was not selected. As a result of her nonselection, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 6, 2008.

Plaintiff alleges that, because of Mr. Henry's gender, he received greater compensation for performing job duties substantially similar to those that Plaintiff performed. She further avers that his 2008 goals as Acting and Executive FORP Manager "were nearly identical to, or encompassed fewer responsibilities than" her goals and duties between 2005 and 2008. Compl. ¶ 15. Specifically, Mr. Henry's "main and only responsibility" as Manager, FORP, was to manage and oversee the NPA program, which Plaintiff alleges was her "main responsibility" as Program Manager.

Plaintiff alleges that despite the substantial similarity in their job duties, from July 25, 2008, to the present, the USPS has compensated Mr. Henry "at the higher-ranked and better paid PCES-1 level," and that as of July 25, 2008, he earned an annual PCES-1 salary of $115,596.80 in his managerial role. In contrast, as Program Manager, Plaintiff earned $105,088 in 2008 and was compensated at the EAS-25 level, which did not include PCES-1 benefits, such as annual leave carry-over, paid life insurance, fully paid health insurance, or survivor benefits.

Plaintiff requests, inter alia, back pay in an amount "more than $10,000" and seeks "past and future economic damages . . . totaling the amount [she] would have earned at USPS from three years before the filing of this complaint, with interest, including salary and benefits at the PCES-1 level." Compl. ¶ 17; id. at 5. Plaintiff also "seeks the additional value of the five percent Thrift savings match that she would have received had she been compensated at the PCES-1 level." Id. ¶ 18.

---

[1] This background is derived from the complaint and the motion papers.

**Discussion**

**Plaintiff's Request to Convert Defendant's Motion to Dismiss into a Motion for Summary Judgment**

As a threshold procedural matter, this Court must decide whether to convert Defendant's motion to dismiss into a motion for summary judgment. Plaintiff contends that, by relying on the exhibits to the complaint, Defendant has converted its Rule 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 56 but has otherwise failed to support its motion with adequate factual materials. When matters outside the pleadings are presented and not excluded by the Court, a motion to dismiss under Rule 12(b)(6) is to be converted to a motion for summary judgment, and the parties shall be given a reasonable opportunity to present materials pertinent to the motion. Akins v. United States, 82 Fed. Cl. 619, 622 (2008). "Where, however, the Court relies only on undisputed documents attached as exhibits to the complaint, the Court may proceed without converting the motion to dismiss to one for summary judgment." Id.

In the instant case, Plaintiff has incorporated two exhibits into her complaint -- Exhibit One, Plaintiff's performance rating for fiscal year 2007, and Exhibit Two, position information for Mr. Henry. Plaintiff references Exhibit One to illustrate her job duties as the NPA Program Manager from 2004 to 2008 and Exhibit Two to, inter alia, support her allegation that Mr. Henry's "goals" "were nearly identical to, or encompassed fewer responsibilities than, [her] goals and duties . . . between 2005 and 2008." Compl. ¶¶ 9, 14-15.

Despite Plaintiff's assertions to the contrary, Defendant's reference to these exhibits in its Rule 12(b)(6) motion to dismiss does not convert the motion to a motion for summary judgment because the exhibits constitute a part of the complaint, not a matter outside the pleadings. "[T]he Court may consider any written instrument that is attached to the complaint as an exhibit without converting the motion to dismiss under RCFC 12(b)(6) into a motion for summary judgment." Frazier v. United States, 67 Fed. Cl. 56, 59 (2005), aff'd, 186 Fed. Appx. 990 (Fed. Cir. 2006); see also RCFC 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); Akins, 82 Fed. Cl. at 622; Kinnucan v. United States, 25 Cl. Ct. 355, 356 n.1 (1992).

**Defendant's Motion to Dismiss**

Pursuant to Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (construing Rule 8(a)(2) of the Federal Rules of Civil Procedure, which is identical to RCFC 8(a)(2)). Although Rule 8 does not require "'detailed factual allegations,'" it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain facts sufficient to "'state a claim to relief that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 570). To determine whether a complaint states a plausible claim for relief, a court must engage in a context-specific analysis and "draw on its judicial experience and common sense." Id. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. However, the plausibility standard requires more than a "sheer possibility" that the defendant has violated the law. Id.

Congress enacted the Equal Pay Act to prohibit gender-based wage discrimination. Yant v. United States, 588 F.3d 1369, 1371 (Fed. Cir. 2009). "'The Equal Pay Act is broadly remedial, and it should be construed and applied so as to fulfill the underlying purposes which Congress sought to achieve.'" Id. at 1372 (quoting Corning Glass Works v. Brennan, 417 U.S. 188, 208 (1974)). Because the Equal Pay Act constitutes a money-mandating statute, this Court may hear claims arising under it. Thomas v. United States, 86 Fed. Cl. 633, 636 n.6, aff'd, 351 Fed. Appx. 433 (Fed. Cir. 2009).

To establish a prima facie case of wage discrimination under the Equal Pay Act, Plaintiff must demonstrate that, because of her gender, her employer paid her different wages than a male employee who performed equal work, i.e., a job requiring equal skill, responsibility, and effort, under similar working conditions. 29 U.S.C. § 206(d)(1); see also 29 C.F.R. § 1620.13(a) ("The equal work standard does not require that compared jobs be identical, only that they be substantially equal."); Yant, 588 F.3d at 1372; Ellison v. United States, 25 Cl. Ct. 481, 486-87 (1992) (explaining that "[i]n the context of an Equal Pay Act analysis of two jobs, 'equal' does not mean 'identical,' rather the jobs must require similar skills, effort and responsibility under similar working conditions."). "Skill includes consideration of such factors as experience, training, education, and ability." 29 C.F.R. § 1620.15(a)). "Responsibility is concerned with the degree of accountability required in the performance of the job, with emphasis on the importance of the job obligation." 29 C.F.R. § 1620.17(a)). "Effort is concerned with the measurement of the physical or mental exertion needed for the performance of a job." 29 C.F.R. § 1620.16(a)).

If Plaintiff establishes a prima facie case of wage discrimination on the basis of gender, the burden shifts to Defendant to prove by a preponderance of the evidence that the wage differential resulted from one of the following: (i) a seniority system; (ii) a merit system; (iii) a system that measures earnings by quantity or quality of production; or (iv) a factor other than sex. Yant, 588 F.3d at 1372 (citing 29 U.S.C. § 206(d)(1)); Ellison, 25 Cl. Ct. at 487. These exceptions are to be narrowly construed. Hauschild v. United States, 53 Fed. Cl. 134, 139 (2002).

Plaintiff contends that she has met the heightened pleading requirements of Twombly and Iqbal or in the alternative, seeks leave to file an amended complaint to clarify her claim. Plaintiff claims that although her job duties were substantially similar to those of Mr. Henry and were performed under similar working conditions, she was paid less because of her gender. Specifically, Plaintiff alleges:

> 15. Mr. Henry's 2008 goals, both as Acting and as Executive Manager, as described in Exhibit 2, were nearly identical to, or encompassed fewer responsibilities than, the goals and duties set out for Ms. Martin between 2005 and 2008. In particular, Mr. Henry's new goals show that his main and only responsibility as Manager, FORP was management and oversight of the NPA program. Ms. Martin's main responsibility as Program Manager for the NPA

4

program from 2004 to 2008 was also the management and oversight of the NPA program.

16. Beginning July 25, 2008, and continuing to the present, however, USPS compensated Mr. Henry at the higher-ranked and better paid PCES-1 level. As of July 25, 2008, Mr. Henry's PCES-1 salary was $115,596.80. PCES-1 benefits included 128 additional hours [of] annual leave carry-over; fully paid life insurance; fully paid health insurance; and survivor benefits.

17. In contrast, Ms. Martin's compensation as an EAS-25 Program manager was $98,336 in 2006, $103,027 in 2007, and $105,088 in 2008. Ms. Martin was compensated at the EAS-25 level, and therefore did not receive the PCES-1 benefits . . .

Compl. ¶¶ 15-17.

Defendant asserts that the complaint fails to allege facts sufficient to state a claim for relief that is plausible on its face, and that the facts, even taken as true, do not entitle Plaintiff to a legal remedy. Specifically, Defendant argues that, inter alia, the complaint should be dismissed for the following reasons: (i) the exhibits suggest that Plaintiff's job title was Operations Specialist, not Program Manager, and that she and Mr. Henry did not perform substantially similar work; (ii) the complaint does not specify what Plaintiff's pay, job title, or job duties have been subsequent to March 28, 2008, her last day as Program Manager, or that Plaintiff has continued to perform substantially similar work as Mr. Henry since that date; and (iii) the complaint fails to allege what Mr. Henry earned prior to July 25, 2008 -- the effective date of his appointment as FORP Manager.

The fact that Plaintiff's job title -- whether Program Manager or Operations Specialist -- differed from that of Mr. Henry is not dispositive because the Equal Pay Act looks beyond job titles; job content is controlling. 29 C.F.R. § 1620.13(5)(e) ("Application of the equal pay standard is not dependent on job classifications or titles but depends rather on actual job requirements and performance."); Merillat v. Metal Spinners, Inc., 470 F.3d 685, 695 (7th Cir. 2006) ("In order to determine whether or not the two jobs are equal, we look to whether the jobs have a 'common core of tasks, i.e., whether a significant portion of the two jobs is identical . . . whether any additional tasks make the jobs 'substantially different' . . . [and] to the actual job duties performed by each employee, not to his or her job description or title.") (internal citations omitted); Younts v. Fremont County, 370 F.3d 748, 753 (8th Cir. 2004) (in determining whether employees perform substantially equal work, a court must focus on the "actual requirements and performance of the jobs in question."); Hauschild, 53 Fed. Cl. at 139 n.5.[2]

---

[2] Nor would the fact that Plaintiff performed substantially similar job duties at a different time than Mr. Henry defeat her Equal Pay Act claim. As a regulation implementing the Equal Pay Act provides:

> If a person of one sex succeeds a person of the opposite sex on a job at a higher rate of pay than the predecessor, and there is no reason for the higher rate other than difference in gender, a violation as to the predecessor is established and that

Defendant also urges that dismissal is warranted because the exhibits to the complaint "flatly belie [Plaintiff's] base, conclusory assertion that she and Mr. Henry performed 'substantially similar work.'" Def.'s Mot. to Dismiss at 7. It is true that "[w]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("[W]e need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice."). However, at this early stage of the litigation, the Court cannot assume that these unexplained exhibits tell the full story of what Plaintiff and Mr. Henry's jobs actually entailed. This is a factual determination that ought not be made in the context of a motion to dismiss, based solely upon documents that have not been the subject of testimony and that do not necessarily detail all functions performed by Plaintiff and Mr. Henry during the relevant time periods. See 29 C.F.R. § 1620.13(e) (recognizing that application of the equal pay standard is a fact-intensive inquiry that must be determined on a case-by-case basis); Younts, 370 F.3d at 752-53 (explaining that "[w]hether employees perform substantially equal work 'requires a practical judgment on the basis of all the facts and circumstances of a particular case . . .'"). As Plaintiff has recognized, "[f]undamentally, whether Ms[.] Martin and her successor performed equal work on jobs requiring equal skill, effort, and responsibility under similar working conditions is a factual question going to the establishment of a prima facie case, not a pleading matter." Pl.'s Memorandum at 6 (citing Hauschild, 53 Fed. Cl. at 138).

The Supreme Court expressly afforded trial courts discretion in ascertaining whether a plaintiff has alleged a plausible claim, urging trial courts to "draw upon [their] judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. Here, Plaintiff should not be denied an opportunity to attempt to prove her claim based upon an uninformed construction of two documents that may not recount the full picture of the actual responsibilities of Plaintiff and Mr. Henry. Twombly and Iqbal's heightened pleading requirements that a plaintiff must articulate a plausible claim predicated on sufficient factual allegations should not be confused with the requirement of marshalling sufficient evidence to prove a claim on the merits. The purpose of a Rule 12(b)(6) motion is not to trigger an adjudication of a plaintiff's factual allegations, but to conduct an inquiry into whether the factual allegations are sufficiently plausible under the governing legal standards to give rise to an actionable legal claim.

That said, the deficiencies that Defendant has identified in the complaint, while not warranting dismissal, do require clarification. Plaintiff's complaint fails to clearly allege during what timeframe she was paid less for performing work equal to that of Mr. Henry and for what timeframe she should have been paid at the PCES-1 level. See Compl. ¶ 17 (seeking back pay); ¶ 20 (alleging that "[f]rom March 1, 2008, through the present, the USPS has paid Mr. Henry, a white Male, at a higher level than it has paid Plaintiff, a Native American female, for substantially similar work."); id. at 5 (requesting past and future economic damages flowing from the violation of the Equal Pay Act . . . totaling the amount Ms. Martin would have earned

---

person is entitled to recover the difference between his or her pay and the higher rate paid the successor employee.

29 C.F.R. § 1620.13(b)(4).

at USPS from three years before [the] filing of this complaint, with interest, including salary and benefits at the PCES-1 level). Defendant and the Court should not be left to guess about the timeframe when Plaintiff was paid less for equal work -- a matter fundamental to her cause of action.

The lack of clarity in Plaintiff's complaint is sufficient reason to grant her motion for leave to amend. Under Rule 15(a)(2), the Court should freely grant leave to amend a complaint when justice so requires. The decision to grant leave to amend rests within the Court's sound discretion. Centech Group, Inc. v. United States, 78 Fed. Cl. 658, 659 (2007). As the Federal Circuit has recognized:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'

Centech, 78 Fed. Cl. at 659-660 (emphasis in original) (citation omitted).

Here, Plaintiff has alleged a claim upon which relief can be granted for an undefined period of time when she was doing work equal to that of Mr. Henry but was paid less because of her gender. Amendment is proper to enable Plaintiff to clarify the timeframe and parameters of her claim.

## Conclusion

Defendant's motion to dismiss is **DENIED** without prejudice, and Plaintiff's motion for leave to amend her complaint is **GRANTED**. Plaintiff shall file an amended complaint clarifying her claim by **February 15, 2011**. Defendant shall file its response to the amended complaint by **March 15, 2011**.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**JUDGE**
